PER CURIAM.
This cause is before us for review of the report of the referee recommending that respondent Donald F. Frost, be publicly reprimanded and pay the costs of these proceedings. That report contains the following findings of fact:
“The respondent Donald F. Frost, at all times material hereto a member of the Florida Bar, represented one Frank Al-banese in several matters, having known Albanese for a number of years. Prior to March 29, 1968 Albanese owned an Agreement for Deed to a bar sometimes known as the Wonder West Bar in Dade County, Florida. He encountered financial difficulties in making the necessary mortgage and tax payments on the bar. Conceiving himself to be in danger of losing the bar by foreclosure proceedings, he assigned his Agreement for Deed to Frost, who was to keep the mortgage and tax payments current and make an effort to sell the bar. In the event of a sale, the profits if any were to be divided between Frost and Al-banese. At the time of the transfer of the Agreement for Deed to Frost, Al-banese had paid approximately $7000 in cash for the bar and there was a balance due on the mortgage of approximately $10,000. The agreement for the transfer of the bar to Frost and the subsequent disposition of the bar and the division of the profits was oral and indefinite. The method of determining a profit was not determined nor was the proportionate division of any profit between Frost and Albanese determined.
“On March 29, 1968 Frost and his wife conveyed the property in question to the purchasers, Joseph and Antone, for a price of $26,000 less a $1000 credit. Frost received a $12,000 mortgage, approximately $1500 in cash, and any other mortgages and encumbrances on the property were satisfied. He did not segregate these sale proceeds in any fashion, did not deposit the cash in any trust account and in no way indicated that anyone other than Frost and his wife had any interest therein.
“Frost testified that following the sale of the property to Joseph and Antone he agreed to give Albanese the total amount of $5000 in payments convenient to Al-banese, and as payments were made to him on the $12,000 mortgage. No payments however were made by Frost to Albanese except as hereinafter set forth, and in the fall or winter of 1968 Albanese consulted Attorney Norman Haft, who spoke with Frost about Albanese’s claim to the proceeds of the sale. Thereafter a *752 settlement agreement was negotiated between counsel for Albanese and counsel for Frost, whereby Frost paid to Al-banese $7500.
“Albanese died following the settlement of his dispute with Frost and prior to the final hearing, and his testimony therefore is not available.
“I find however that Albanese certainly did not intend to divest himself of all right, title and interest in the property in question when he transferred it to Frost. He at the least retained an equitable interest in the property and his actions and Frost’s actions and testimony subsequent to the transfer recognize this. Frost therefore is admittedly in the position of having received property for a client and thereafter collecting money and other property for a client without promptly reporting or accounting for it. When Frost received the approximately $1500 in cash at the closing and when he received several mortgage payments thereafter he commingled those funds with his own despite the interest in them possessed by Albanese. Albanese clearly reposed a substantial amount of confidence in his attorney, Frost, and Frost by his actions, at least gives the appearance of taking advantage of this confidence for his personal benefit or gain.
“Frost’s actions in accepting the property from his client and in not reducing the understanding or agreement between them to writing is unwise and a clear violation of Rule 11.02 of Article XI of the Integration Rule of the Florida Bar; Canon 11 of the Canons of Professional Ethics, and Rule 1 of Additional Rules Governing the Conduct of Attorneys in Florida.”
No request for hearing before this Court has been submitted by respondent.
The record and report have been examined and this Court approves the findings and recommendation of the referee.
Accordingly, it is ordered that respondent, Donald F. Frost, be publicly reprimanded and pay the costs of these proceedings in the amount of $210.20.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.